UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED RENTALS, INC.,

    Plaintiff,

v.                                            CASE NO. 8:07-cv-267-T-23MAP

AUTO-OWNERS INSURANCE CO., et al.,

    Defendants.
_____/

**ORDER**

    The defendants Ultra Vision S.E., Inc., ("Ultra Vision") and Auto-Owners Insurance Company ("Auto-Owners") move (Docs. 11, 20) to dismiss this declaratory judgment action pursuant to 28 U.S.C. § 2201 because a pending state court action may resolve the matters in controversy in this action. Auto-Owners moves (Doc. 20) in the alternative for a stay pending Auto-Owners's intervention in the state court action.

    In May, 2005, the defendant Anthony P. Helmer ("Helmer") sued (Doc. 11, Ex. 1) in the Circuit Court for Hillsborough County (the "Helmer action") for injuries suffered as a result of the negligent operation of a rented truck by a co-worker. Helmer sued (1) the defendant United Rentals, Inc., ("United Rentals"), the owner of the truck; (2) Ultra Vision, the lessee of the truck and employer of the driver; and (3) Geico General Insurance Co., Helmer's insurance carrier.

    In September, 2006, United Rentals moved for partial summary judgment (Doc. 12, Ex. A-1) and asked the circuit court to limit United Rentals's liability to Helmer to $100,000

pursuant to Section 324.021(9)(b)(2), Florida Statutes (the "Act").  The Act limits the vicarious liability of a short-term automobile lessor to $100,000 per injured person, assuming the availability of insurance with a limit of at least $500,000 of combined property damage and bodily injury coverage.  United Rentals alleges that during the rental period Ultra Vision owned three qualifying insurance policies: an Auto-Owners automobile insurance policy, an Auto-Owners umbrella insurance policy, and a workers' compensation policy with FCCI Insurance Company (the "FCCI policy").  Although both Auto-Owners and FCCI have denied that their Ultra Vision policies cover the accident,[1] United Rentals relies on these policies to establish its right to the statutory cap on liability.

In January, 2007, United Rentals filed a third-party complaint (Doc. 11, Ex. 2) against Ultra Vision for breach of contract and contractual and common law indemnity.  United Rentals bases the third-party claims on two provisions of a rental agreement in which Ultra Vision allegedly agreed (a) to indemnify and defend United Rentals from any liability arising from the rental of the vehicle and (b) to maintain adequate insurance and name United Rentals as loss payee and additional insured on the insurance policies.  United Rentals alleges that Ultra Vision both failed to list United Rentals on its insurance policies and failed to indemnify or defend United Rentals.

On January 8, 2007, Judge Rex Barbas heard (Doc. 12, Ex. B-2) United Rentals's motion for partial summary judgment.  United Rentals asked Judge Barbas to find that the Auto-Owners insurance policies cover the claims against Ultra Vision arising from the

---

[1] In September, 2006, FCCI sued in the Circuit Court for Hillsborough County (Doc. 11, Ex. 4) for a declaratory judgment against Helmer, United Rentals, and Ultra Vision (the "FCCI action") and sought a determination that the FCCI policy does not cover the accident.   Ultra Vision moved to consolidate the FCCI action with the Helmer action.

automobile accident and hence that United Rentals is entitled to the statutory cap on liability. However, Judge Barbas deferred deciding United Rentals's motion.

On February 12, 2007, United Rentals sued in this court pursuant to 28 U.S.C. § 2201 for a declaratory judgment against Auto-Owners, Helmer, and Ultra Vision. United Rentals seeks a determination that the Auto-Owners insurance policies cover the claims against Ultra Vision in the Helmer action.

The Declaratory Judgment Act, 28 U.S.C. § 2201, is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (citations omitted). The Declaratory Judgment Act bestows a competence, not a duty, to declare a right. Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942). Accordingly, a district court enjoys substantial latitude in deciding to stay or dismiss a declaratory judgment action in deference to a state action, if "parallel proceedings, presenting opportunity for ventilation of the same state law issues, [are] underway in state court." Wilton, 515 U.S. at 290. To avoid waste and gratuitous interference with the orderly and comprehensive disposition of state court litigation, a district court ordinarily defers if "another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Brillhart, 316 U.S. at 495.[2]

---

[2] Courts disagree about how closely the parties and issues in pending state litigation must resemble those in a federal declaratory judgment action for the latter to be subject to dismissal under Wilton and Brillhart. Compare Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc., 149 F.3d 371, 373 (5th Cir.1998) with Medmarc Ins. Co. v. Berkeley Props., Inc., No. C 03-0259, 2003 WL 21018205, at *3 (N.D. Cal. Apr. 29, 2003). Of course, "[i]t is an abuse of discretion . . . to dismiss a declaratory judgment action in favor of a state court proceeding that does not exist." Fed. Reserve Bank of Atlanta v. Thomas, 220 F.3d 1235, 1247 (11th Cir. 2000).

The guideposts that a district court considers[3] in deciding to dismiss or stay a declaratory judgment action weigh in favor of a dismissal of this action.  First, the crux of this controversy is United Rentals's right to the statutory cap on liability in the Helmer action (the "liability issue").  United Rentals already has asserted this right in the Helmer action and the liability issue remains pending in the circuit court.  Second, Auto-Owners intends to intervene in the Helmer action, and–intervention or no intervention–the circuit court eventually will resolve the liability issue in deciding the pending claims and defenses in the Helmer action.  Third, state law governs both the liability issue and the insurance coverage issue.  Finally, no resolution of the insurance coverage issue in this action settles the entire controversy in the Helmer action, but a resolution of the liability issue in the Helmer action renders this action superfluous.  In short, the circuit court can more efficiently settle the entire controversy.

Accordingly, Ultra Vision and Auto-Owners's motions to dismiss (Docs. 11, 20) are **GRANTED**.  The clerk is directed to terminate any pending motion and close the case.

ORDERED in Tampa, Florida, on September 10, 2007.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3] See Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330-31 (11th Cir. 2005) (enumerating non-exclusive "guideposts" to aid district courts in deciding to dismiss or stay a declaratory judgment action).